UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: : Chapter 11

HYACINTH JOYCE SIMMS, : Case No.: 23-40070-NHL

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER GRANTING MOTION OF FELIX STREET HOLDINGS LLC FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND RELATED *IN REM* RELIEF

UPON the amended motion (the "Motion") [ECF No. 42] and the exhibits thereto [ECF No. 43], of Felix Street Holdings, LLC (the "Secured Creditor"), a secured creditor of the above-captioned debtor, Hyacinth J. Simms (the "Debtor") for entry of an order: (i) granting the Secured Creditor relief from the automatic stay pursuant to sections 362(d)(1), (d)(2), and (d)(4) of title 11 of the United States Code (the "Bankruptcy Code") to permit the Secured Creditor to exercise its rights and remedies (including conducting and consummating the foreclosure sale) with respect to the real property located at 1478 Flatbush Avenue, Brooklyn, New York (Block 5249, Lot 68) (the "Flatbush Property") owned by the Debtor, (ii) granting the Secured Creditor relief from the automatic stay, *in rem*, pursuant to section 362(d)(4)(B) of the Bankruptcy Code, and (iii) waiving the 14-day stay of the effectiveness of the order granting the Motion pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and

UPON the Affidavit of Dror Bezalel dated September 15, 2023 [ECF No. 43] filed in support of the Motion, and the exhibits annexed thereto; and

UPON the Debtor's objection to the Motion [ECF No. 57]; and

WHEREAS, a hearing having been held on October 17, 2023 before the Honorable Judge Nancy Hershey Lord, United States Bankruptcy Judge, Eastern District of New York, on the relief

sought in the Motion (the "Hearing"), at which appeared Karamvir Dahiya, Esq. (Counsel to Debtor), Paul A Rubin, Esq. (Counsel to Felix Street Holdings LLC), Linda St. Pierre, Esq. (Counsel to JPMorgan Chase Bank), Reema Lateef, Esq. (Office of the US Trustee), and Michel Lee, Esq. (Counsel to The Bank Of New York Mellon); and

***WHEREAS**, an order granting relief from the automatic stay and prospective in rem relief having been entered on April 6, 2021 in the Debtor's prior bankruptcy case with respect to the Flatbush Property (Case No. 19-40297-nhl, ECF No. 85]) (the "Prior In Rem Order"), such that, if the order was recorded in compliance with section 362(d)(4) of the Bankruptcy Code and applicable state laws, the automatic stay would not come into effect in any other case purporting to affect the Flatbush Property filed not later than two years from entry of the order; and*

***WHEREAS**, the instant case was filed on January 11, 2023, before the expiration of the Court's Prior In Rem Order on April 6, 2023; and*

***WHEREAS**, in the instant case, the Debtor did not move for relief from the Prior In Rem Order based upon changed circumstances or for good cause shown; and* (NHL)

UPON the record of the Hearing; and upon all of the pleadings and proceedings heretofore filed or heard herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that *to the extent the automatic stay ever came into effect with respect to the Flatbush Property, (NHL)* the automatic stay of 11 U.S.C. § 362(a) be and hereby is modified and vacated pursuant to 11 U.S.C. § 362(d)(1), thereby permitting Secured Creditor and/or its successors and assigns to, among other things, exercise all contractual and state law rights, claims,

interests, actions, causes of action, demands, defenses, pursuits, court orders, judgments, directives and remedies with respect to the Debtor and/or the Flatbush Property; and it is further

**ORDERED**, no provision of this Order shall limit the right of the Secured Creditor, under either any judgment of foreclosure or applicable non-bankruptcy law, to credit bid at the foreclosure sale of the Flatbush Property; and it is further

**ORDERED**, that this Order and the relief granted herein shall survive and remain in effect upon the conversion of this bankruptcy case to any other chapter of the United States Bankruptcy Code or the voluntary or involuntary dismissal of the Bankruptcy Case; and shall be binding upon any subsequently appointed trustee of the Debtor under any Chapter of the United States Bankruptcy Code; and it is further

**ORDERED**, that the effectiveness of this Order is stayed for fourteen (14) days after its entry by the Court pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3); and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 362(d)(4), if this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under the Bankruptcy Code purporting to affect the Flatbush Property filed not later than 2 years after the date of the entry this Order by the Court, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED,** that any Federal, State, Municipality, County and/or local government agency or department, including, without limitation the Kings County Clerk's Office, and any applicable Register's Office in the State of New York, shall accept any certified copy of this Order for indexing and recording; and it is further

**ORDERED**, that this Court retains jurisdiction to interpret, construe, implement, and enforce the terms and provisions of this Order, as we as to resolve any and all disputes that may arise under or in connection with this Order.

Dated: November 4, 2023
Brooklyn, New York



_____
Nancy Hershey Lord
**United States Bankruptcy Judge**